# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00869-SVW-JC | | Date | March 16, 2022 |
|---|---|---|---|---|
| Title | *Anthony Betters v. United Parcel Service, Inc. et al.* | | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:**       **ORDER DENYING MOTION TO REMAND [10]**

Before the Court is Plaintiff's motion to remand.   *See* ECF No. 10.   Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction.   *See* 28 U.S.C. § 1447(c).   A removing defendant bears the burden of proving that removal is proper.   *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court.   *Id.*

Plaintiff Anthony Betters, who was employed as a package handler by Defendant United Parcel Service, Inc. ("UPS"), alleges that Defendant is liable under California law for employment discrimination and wrongful termination.   Compl. ¶¶ 10, 23-83, ECF No. 1-8; *see* Cal. Gov't. Code § 12940, *et seq*; Cal. Lab. Code § 1102.5 *et seq.*   Plaintiff served the Complaint on January 20, 2022.   *See* Motion to Remand 4, ECF No. 10.   Defendant removed this matter from the Los Angeles Superior Court on February 8, 2022 on the basis of diversity jurisdiction.   *See* ECF No. 1; *see* 28 U.S.C. §§ 1332, 1441. Plaintiff contends that this case should be remanded because Defendant's Notice of Removal fails to establish that the amount in controversy exceeds $75,000, therefore failing to establish subject matter jurisdiction.   *See* Motion to Remand.

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000.   *See* 28 U.S.C. § 1332; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.")   Here, Defendant has met its burden in establishing that the amount in controversy meets or exceeds the jurisdictional threshold, establishing this Court's subject matter jurisdiction over this action.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00869-SVW-JC | Date | March 16, 2022 |
|---|---|---|---|
| Title | *Anthony Betters v. United Parcel Service, Inc. et al.* | | |

As an initial matter, a quantified amount of damages is not evident from Plaintiff's Complaint. The Complaint alleges damages "in an amount according to proof at trial," but does not specify a requested dollar value. *See* Compl. at 13, Prayer for Relief. Nevertheless, Defendant contends that the amount in controversy exceeds $75,000, asserting that a calculation of Plaintiff's lost wages and earnings, emotional distress damages, punitive damages, and attorneys' fees are likely to exceed $75,000. *See* Notice of Removal ¶¶ 16-17. Defendant estimates that Plaintiff's lost wages over two years total approximately $56,000. *See* Opp. to Motion to Remand at 3-4, ECF No. 15.

While Plaintiff does not dispute this starting point for lost wages, Plaintiff claims that his post-termination mitigation efforts should be considered when calculating the amount in controversy. *See* Motion to Remand at 7. Specifically, Plaintiff estimates his economic loss to date to be approximately $19,665.00 when taking into account Plaintiff's unemployment insurance benefits payments and current hourly wage from new employment. *Id.*

However, mitigation of damages (or a plaintiff's failure to do so) constitutes an affirmative defense. *See Mize-Kurzman v. Marin Comm. College Dist.*, 136 Cal.Rptr.3d 259, 291 (Cal. Ct. App. 2012). The Ninth Circuit has held that potential affirmative defenses do not reduce the amount in controversy for purposes of establishing federal jurisdiction. *See Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016); *see also Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, *4 (C.D. Cal. July 31, 2019) (holding that mitigation of damages is an affirmative defense and therefore not relevant to a determination of the amount in controversy). Thus, Plaintiff's mitigation efforts cannot be considered by this Court to reduce the amount in controversy.

Further, Plaintiff has requested emotional distress damages, punitive damages, and attorney's fees. With approximately $56,000 in economic damages, these additional forms of relief are enough to push the likely amount in controversy over $75,000. *See Garfias v. Team Indus. Serv., Inc.*, ("[I]t is reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the present jurisdictional analysis."); *see also Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019) ([C]ourts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy.").

Accordingly, Defendant has adequately demonstrated that the amount in controversy in this action exceeds the jurisdictional amount, establishing subject matter jurisdiction. For these reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

PMC